UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINODH RAGHUBIR,

        Petitioner,

v.                                    Case No: 6:21-cv-1617-PGB-LRH

UNITED STATES OF AMERICA, STATE OF FLORIDA, US ATTORNEY GENERAL, FL ATTORNEY GENERAL, FL STATE ATTORNEY, FL DEPT OF CORRECTIONS, US COURT OF APPEALS 11TH CIRCUIT, US DISTRICT COURTS 11TH CIRCUIT, JUDICIAL QUALIFICATIONS COMMITEE, THE FLORIDA BAR, 5TH DCA, 1ST DCA, 2CND JUDICIAL CIRCUIT, 3RD JUDICIAL CIRCUIT, US DEPARTMENT OF JUSTICE, FL SUPREME COURT, 9TH JUDICIAL CIRCUIT, US SUPREME COURT, FDLE, PACER and DFS,

        Respondents.
_____/

## **ORDER**

THIS CAUSE is before the Court on Petitioner's "petition for writ of habeas corpus" (Doc. 1). Petitioner is proceeding *pro se*.

Petitioner appears to be seeking to collaterally challenge his state

convictions.[1] Despite the fact that the Clerk of Court has provided Petitioner with numerous habeas forms, the petition is not on the form required for use by *pro se* litigants. More importantly, the pleading is unintelligible and is duplicitous of multiple cases initiated by Petitioner that have been dismissed.[2] *See, e.g.*, 6:21-cv-243-CEM-LRH; 6:21-cv-342-ACC-DCI; 6:21-cv-616-PGB-GJK; 6:21-cv-630-RBD-DCI; 6:21-cv-645-WWB-EJK; 6:21-cv-658-GKS-DCI; 6:21-cv-659-GKS-DCI; 6:21-cv-858-GKS-EJK. Thus, this case will be dismissed.

Additionally, as recognized by the Supreme Court of the United States, "[e]very paper filed with the Clerk . . ., no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489

---

[1] Petitioner references two state cases, 2016-cf-1833 and 2016-cf-5231. To the extent Petitioner may be trying to file a habeas petition as to his conviction in 2016-cf-5231, he must first seek leave from the Eleventh Circuit Court of Appeals to file a successive petition because his previous habeas petition challenging this conviction was denied and dismissed with prejudice. *See* Case No. 6:18-cv-1017-GKS-LRH, Doc. 134. Furthermore, Petitioner is no longer in custody for his convictions, and therefore, is precluded from challenging his conviction in 2016-cf-1833 pursuant to 28 U.S.C. § 2254.

[2] Petitioner has filed more than forty cases in this district, many of which utilized virtually the same pleading although Petitioner has been provided multiple habeas forms by the Clerk of Court. Petitioner refuses to comply with the Court's repeated orders, instead choosing to file "habeas petitions," such as this one, that are not on a form, do not provide the necessary information, and are unintelligible, vague, and conclusory. *See, e.g.*, 6:20-cv-1003-RBD-GJK; 6:20-cv-1515-GKS-LRH; 6:20-cv-1553-WWB-EJK; 6:20-cv-1692-GKS-LRH; 6:20-cv-1719-RBD-GJK; 6:20-cv-2033-GKS-LRH; 6:20-cv-2078-ACC-LRH; 6:21-cv-243-CEM-LRH; 6:21-cv-342-ACC-DCI; 6:21-cv-616-PGB-GJK; 6:21-cv-630-RBD-DCI; 6:21-cv-645-WWB-EJK; 6:21-cv-658-GKS-DCI; 6:21-cv-659-GKS-DCI; 6:21-cv-858-GKS-EJK.

U.S. 180, 184 (1989). The courts, therefore, have inherent authority to place reasonable restrictions on a *pro se* litigant's access to the courts in order to curb abusive litigation practices and to conserve judicial resources. *Id*. at 184, 184 n.8; *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993) (affirming dismissal of action filed in derogation of an injunction limiting a frivolous filer's access to court). Mr. Raghubir's numerous meritless and duplicitous filings in this District have taxed this Court's resources without purpose. For this reason, a limited restriction on additional filings by Mr. Raghubir is warranted. Specifically, Mr. Raghubir is precluded from filing additional lawsuits in this District without pre-screening by a judicial officer.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. This case is **DISMISSED.**

2. Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.

3. The Clerk is directed to enter judgment and close the case.

4. Henceforth, any pleading Vinodh Raghubir presents to the Clerk's Office in the Orlando Division for filing shall be specially handled in the following manner. Rather than filing the pleading and opening a new case, the Clerk's Office shall forward it to the senior Magistrate Judge in the division in which the action is sought to be filed for review and screening. *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991) (upholding pre-filing screening requirements).

      a.      The Magistrate Judge will determine whether the pleading has arguable merit; that is, a material basis in law and fact. No abusive, frivolous, scandalous, duplicitous, or otherwise impertinent complaint or pleading shall be permitted. If the action is arguably meritorious and is not abusive, frivolous, or duplicitous, the Magistrate Judge shall issue an order so stating and shall direct the Clerk of Court to file the complaint/pleading for a normal assignment. Such order shall be docketed along with the complaint/pleading in the new civil case.

      b.      If the Magistrate Judge determines that the tendered complaint/pleading has no arguable merit or is abusive, frivolous, scandalous, or duplicitous, the Magistrate Judge shall enter an order so finding, in which event the pleading will not be filed with the Court. Instead, the Clerk's Office shall return the original tendered complaint/pleading to Petitioner after making a copy for the Court. The Magistrate Judge's order determining that the tendered pleading has no arguable merit and the copy of the tendered complaint/pleading shall both be filed in the miscellaneous case referenced in paragraph 5 of this Order. <u>Upon a finding that a tendered complaint/pleading lacks arguable merit or is abusive, frivolous, or duplicitous, Petitioner shall be subject to a monetary sanction in the amount of $500.00 per case and such other sanctions as the Court deems appropriate</u>.

      5.      The Clerk **SHALL** open a miscellaneous case and shall file this Order

in that case, as well. Hereafter, any order determining that a complaint/pleading tendered by Petitioner has no arguable merit or is abusive, frivolous, or duplicitous shall also be filed in the miscellaneous case, along with a copy of the complaint/pleading in question.

6. The remedial measures imposed by this Order are in no way intended to restrict the other judges' authority to impose sanctions, if appropriate, in the cases Petitioner has already filed in this Court.

7. On or before Friday, October 22, 2021, the United States Marshal shall personally serve Vinodh Raghubir with a copy of this Order and shall promptly thereafter file a return of such service.

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party